IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SIGNALISATION VER-MAC, INC.,                        CV. 05-707 PK

            Plaintiff,                          OPINION AND ORDER

      v.

ADDCO MANUFACTURING, INC.,

            Defendant.

PAPAK, Magistrate Judge:

Plaintiff Signalisation Ver-Mac, Inc. ("Ver-Mac") brings this declaratory judgment action for patent invalidity and non-infringement, together with tort claims for intentional interference with prospective economic relations, unfair competition under § 43 of the Lanham Act (15 USC § 1125(a)), common law unfair competition, and product disparagement arising out of the sale of mobile solar-powered road signs known as Portable Changeable Message Signs ("PCMS"). Defendant ADDCO Manufacturing, Inc. ("ADDCO") moves for summary judgment on the tort claims and to transfer the remaining patent claims to the United States District Court for the District of Minnesota (#28). For the following reasons, ADDCO's motions are denied.

1 - OPINION AND ORDER

## FACTS

Because all material facts must be viewed in the light most favorable to the non-moving party, this court will view the evidence in the light most favorable to plaintiff. The following is a summary of the facts contained in the parties' supporting affidavits and deposition excerpts.[1]

Plaintiff Ver-Mac is a Canadian entity with its principal place of business in Quebec. Defendant ADDCO is a Minnesota corporation with its principal place of business in St. Paul, Minnesota. ADDCO markets and sells mobile road signs and owns U.S. Patent No. 5,542,203 ("the '203 patent") for a mobile road sign with solar panels that tilt and rotate independently of the sign. Ver-Mac also markets and sells mobile road signs.

ADDCO and Ver-Mac are competitors in the market for portable solar powered message boards. Both companies regularly compete for state contracts. In the last five years, Ver-Mac has submitted a bid to at least 13 state Departments of Transportation ("DOTs") for message boards in competition with ADDCO. McBain Decl., October 14, 2005, ¶ 4. Every state DOT's specification is different, with each state mandating different requirements and features.

In July 2003, both companies, and others, bid in response to Oregon Department of Transportation ("ODOT") Invitation to Bid/Request for Proposal ("RFP"), Bid No. 73000050 02 ("RFP 02") for solar powered message boards. *Id.* at ¶ 3. In section E.4.15 under the heading "Desirable Features," RFP 02 contained a reference to solar panels that "rotate and tilt independently from the sign." *Id.* In response, Ver-Mac protested:

/ / /

---

[1] Citations to affidavits and depositions are identified by the last name of the affiant or deponent, and citations are to the paragraph(s) of the affidavit or declaration, or page(s) of the deposition transcript. All other citations are to the exhibit number of the parties' submissions.

2 - OPINION AND ORDER

> Section E.4.15 [solar tilt and rotate] is a proprietary item, which only ADDCO may supply because of a patent. Enclosed you will find correspondence which document [sic] the fact, that the state of Iowa, when we attempted to supply solar tilt and rotate the state was sued by ADDCO and told to stop using said mechanism. We feel that awarding points for this item, when only one manufacturer can legally supply the item, significantly restricts fair competition.

Affidavit of David Berkman, Exs 1-2. None of the responsive bids met the full specifications and RFP 02 was cancelled.

In October 2003, ODOT issued RFP Bid No. 73000050 03 ("RFP 03"). McBain Decl., ¶ 5. RFP 03 was very similar to RFP 02, except that RFP 03 did not include the reference to the tilt and rotate feature. *Id.* ADDCO, Ver-Mac, and other companies, submitted bids in response to RFP 03. *Id.*, Pltf's Exh. 1, B and C. ODOT RFP 02 and 03 are public information. All questions posed by the manufacturers, responses to those questions by the State, and all responses to the bid specifications are available to all manufacturers who participate in the bid process. McBain Decl., P. 6.

As part of ADDCO's bid documents, David Berkman, ADDCO's Western Regional Manager, signed the administrative documents containing all of the questions posed by the manufacturers and responses by the State. McBain Decl., January 11, 2006, ¶ 7; Pltf's Exh. 1, Tab D.

In January 2004, Ver-Mac received a letter from John Weber, dated December 29, 2003, stating that ODOT intended to award Ver-Mac the RFP 03 contract. *Id.* at ¶ 9. The "Purchase Order or Contract Release Order" attached to the award letter did not contain any reference to solar panels capable of rotating and tilting independently from the sign. *Id.*; Pltf's Exh. 1, Tab E.

3 - OPINION AND ORDER

Under the terms of RFP 03, Oregon may renew its contract with Ver-Mac on a yearly basis for up to five years. Renewals are at the discretion of the State and the State is not required to explain or defend any decision not to renew. *Id.* at ¶ 9.

Ver-Mac sent ODOT a prototype mobile message board in early April 2004 labeled PCMS-1210-OR. *Id.* at ¶ 10. The "OR" stands for "Oregon" and designates a separate product from other Ver-Mac message boards, designed to ODOT's specifications. *Id.* No other message boards are produced to this exact specification by Ver-Mac except those being purchased by ODOT under the terms of RFP 03. *Id.*

ODOT accepted the prototype in late April 2004. *Id.* The solar panel on the prototype was not capable of tilting and rotating independently of the sign because it is rigidly mounted to the vehicle. *Id.* ODOT was sent an initial order of units in late May or early June, 2004. *Id.* Those units, labeled PCMS-1210-OR, are the same as the prototype, with solar panels rigidly mounted to the vehicle and not capable of tilting and rotating independently of the sign. *Id.*

Ver-Mac's PCMS-1210-OR is identified in this manner on Oregon's Qualified Products List, as acknowledged by ADDCO. *Id.* at ¶ 11; Berkman Decl., ¶ 6. Only message boards conforming to the PCMS-1210-OR specification have been supplied by Ver-Mac to ODOT. *Id.* at ¶ 11.

Berkman states that he "saw three Ver-Mac signs on an Oregon State highway project in the summer of 2004 that included solar tilt and rotate. These were the first Ver-Mac signs I had seen in use in Oregon. On Oct. 27, 2004, I viewed a Ver-Mac PCMS-1210 mobile solar-powered road sign with the solar tilt and rotate feature at the shop of Highway Specialties, an Oregon corporation with an outlet in Chimacum, Washington. Richard Holtman of Highway

Specialities told me that the sign was the same sign approved and used by the State of Oregon. He told me that he received the sign from a lot of signs destined for recipients in Oregon, including the State." Berkman Decl., ¶ 5[2]. Berkman concluded that Oregon had received PCMS-1210 signs, with solar panels capable of tilting and rotating independently of the sign, from Ver-Mac, and so advised ADDCO's headquarters. *Id.* at ¶ 7.

The State of Oregon received a letter from ADDCO's attorneys, dated December 23, 2004, asserting that the continued use of Ver-Mac's message board infringed ADDCO's U.S. Patent No. 5,542,203. Pltf's Ex. 1, Tab F. ADDCO demanded that ODOT cease use of the allegedly infringing message boards no later than January 14, 2005. *Id.*

Gregory Brown is a Fleet Engineer for the State of Oregon. Pltf's Exh. 1, Tab F3, ¶ 1. Brown is responsible for writing specifications for certain RFP's for equipment procured by ODOT. *Id.* He received a copy of ADDCO's December 23, 2004 letter in late December. *Id.* at ¶ 2. During a January 4, 2004 telephone call with Berkman regarding another matter, Brown asked Berkman why ADDCO had sent the December 23 letter. *Id.* at ¶ 3. Berkman stated that "he had seen a Ver-Mac message board with a tilt and rotate feature in a state other than Oregon. Mr. Berkman did not say that he had seen a Ver-Mac message board with a tilt and rotate feature in Oregon." *Id.* at ¶ 4.

By letter dated January 10, 2005, the Oregon Attorney General's office advised ADDCO that it would investigate ADDCO's allegation of patent infringement. Pltf's Ex. 1, Tab F3.

---

[2]Plaintiff moved to strike the Berkman Declaration because it contained hearsay. That motion was denied because the out of court statement was admissible not for the truth of the matter but as evidence of Berkman's state of mind.

Plaintiff contends that the December 23, 2004 letter falsely asserts, mischaracterizes and misrepresents: (l) that ODOT purchased a PCMS-1210[3]; (2) that the message board purchased by ODOT infringes ADDCO's patent; (3) that ADDCO investigated the product purchased by ODOT; (4) that the message board purchased by ODOT had a tilt and rotate feature; (5) that ADDCO previously notified Ver-Mac that a message board similar to the one purchased by ODOT infringed its patent; and (6) that Ver-Mac could not provide a credible explanation of why its product did not infringe ADDCO's patent.

ADDCO's letter was sent to Oregon a few weeks before Oregon was to make a decision on renewing its contract with Ver-Mac. McBain Decl., January 11, 2006, ¶ 13. Ver-Mac contends that it has accrued damages repairing its goodwill, reputation and business relationships with Oregon and other state ODOTs. *Id.* at ¶ 14. Pursuant to the terms of its contract with Oregon, Ver-Mac had to defend, indemnify and hold harmless the State of Oregon. *Id.* In March 2005 the State of Oregon renewed its contract with Ver-Mac.

## STANDARDS

*FRCP 56(c)* authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show an absence of an issue of material fact. *Celotex Corp. v. Catrett,* 477 US 317, 323 (1986). Once the moving party does so, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Id.,* 477 US at 324. The court must "not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nevada,* 180 F3d 1047, 1054 (9th Cir 1999).

---

[3] The PCMS-1210 is to be distinguished from the PCMS-1210-OR. The former has the solar tilt and rotate feature while the latter does not.

A '"scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,'" does not present a genuine issue of material fact. *United Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F2d 1539, 1542 (9th Cir), *cert denied,* 493 US 809 (1989), quoting *Anderson v. Liberty Lobby, Inc.,* 477 US 242, 249-50 (1986).

The substantive law governing a claim or defense determines whether a fact is material. *T.W. Elec. Ser., Inc. v. Pacific Elec. Contractors Ass'n.,* 809 F2d 626, 630 (9th Cir 1987). The court must view the inferences drawn from the facts in the light most favorable to the non-moving party. Thus, reasonable doubts about the existence of a factual issue should be resolved against the moving party. *Id.,* at 630-31. However, when the non-moving party's claims are factually implausible, that party must come forward with more persuasive evidence than would otherwise be required. *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F2d 1466, 1468 (9th Cir 1987), *cert denied*, 484 US 1006 (1988).

## DISCUSSION

I. Motion for Summary Judgment

ADDCO contends that Ver-Mac's claims for tortious interference, unfair competition (both federal and state law), and product disparagement are preempted because a patent owner has the right to assert its patent rights and to allege infringement, so long as the claims are not objectively baseless, citing *Globetrotter Software, Inc. v. Elan computer Group, Inc.,* 362 F3d 1367 (Fed Cir 2004) *citing Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F3d 1340, 1355 (Fed Cir 1999). ADDCO moves for summary judgment on these claims arguing that Ver-Mac cannot meet the 'objectively baseless standard' of bad faith, and that Ver-Mac has not been injured by ADDCO's conduct.

Ver-Mac agrees that its state law claims require that ADDCO's activity in support of its patent must have been undertaken in bad faith, although it disputes that the proper standard is "objectively baseless." Ver-Mac argues that summary judgment is inappropriate because there is a genuine issue of material fact as to ADDCO's bad faith because (l) ADDCO knew that the RFP from Oregon did not request a message board with a tilt and rotate feature; (2) ADDCO knew that Ver-Mac's response to Oregon's RFP did not include a tilt and rotate feature; (3) ADDCO knew that Ver-Mac supplied a message board that complied with the RFP and was designated as PCMS-1210-OR; (4) ADDCO admits that a message board without both tilt and rotate features does not infringe its patent; and (5) ADDCO knew it was sending the cease and desist letter to Oregon only weeks before Oregon considered renewal of the contract with Ver-Mac. Ver-Mac contends that it has spent an unspecified amount of money for "damage control," and notes that it is seeking injunctive relief for all non-patent claims.

ADDCO contends that Ver-Mac must show that ADDCO's allegations to Oregon were "objectively baseless," citing *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F3d 1367, 1374-75 (Fed Cir 2004). Ver-Mac argues that *Globetrotter* does not apply to statements, such as ADDCO's, made to potential and actual customers in the marketplace which are "intended to frighten [them] away from doing business with the alleged infringer and to bring them on as a customer of the patent holder." *Collegenet, Inc. v. XAP Corp.,* 2004 US Dist LEXIS 21059, at *38. Ver-Mac contends that "[e]xactly what constitutes bad faith remains to be determined on a case by case basis" and "bad faith may encompass subjective as well as objective considerations, and the patentee's particular statements themselves are not irrelevant to determining bad faith." *Zenith Elecs. Corp. v. Exzec. Inc.,* 182 F3d 1340, 1354-55 (Fed Cir 1999) *quoting Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F3d 891 (Fed Cir 1998).

It is not necessary to determine whether the "objectively baseless," or simple "bad faith" standard applies in the context of this motion for summary judgment. Regardless of which standard applies, there is an issue of fact as to ADDCO's intent precluding summary judgment. There are fact issues as to the information relied upon by ADDCO's agent Berkman, as well as the timing of Berkman's allegations and ADDCO's letter to ODOT. Viewing the inferences drawn from the facts in the light most favorable to Ver-Mac, a reasonable jury could find that at the time ADDCO sent the cease and desist letter to ODOT, it knew that : the RFP from Oregon did not request a message board with a tilt and rotate feature; Ver-Mac's response to that RFP did not include a product with the tilt and rotate feature; Ver-Mac supplied a message board that complied with the RFP and was designated as PCMS-1210-OR; a message board without the tilt and rotate feature does not infringe on ADDCO's patent; and it was sending its cease and desist letter only weeks before Oregon considered renewal of the contract with Ver-Mac. Such a finding could result in a jury verdict including bad faith under either standard. ADDCO's motion for summary judgment is denied.

II. Motion to Transfer

ADDCO moves to transfer this action to the District of Minnesota. 28 USC § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The court must balance the preference given to the plaintiff's choice of forum with the burden of litigating in an inconvenient forum. *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F2d 834, 843 (9th Cir 1986). The defendant has the burden of making a strong showing of

inconvenience before a transfer is allowed. The court must consider private and public interest factors affecting the convenience of the forum. Private facts considered by the court include:

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* (quotation omitted). Public factors to be considered include:

> The administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.* (quotation omitted).

Absent a clear and convincing showing that the balance of convenience strongly favors an alternate forum, discretionary transfers are not favored. *Findley Adhesives, Inc. v. Williams,* 751 FSupp 184, 185 (D Or 1990)(citation omitted). However, where the forum chosen is not the plaintiff's home forum, the plaintiff's choice of forum may be weighed less strongly in the balance. *Findley,* 751 FSupp at 186.

ADDCO argues that transfer is appropriate because it is a Minnesota corporation with its principal place of business in Minnesota. The inventors of the patent at issue are not employed by either party, and they both reside in Minnesota. ADDCO has regional sales managers in Pennsylvania, Florida and Seattle, Washington, but all remaining employees and business records are in Minnesota. ADDCO contends that the only potential witness in Oregon is John Weber,

10- OPINION AND ORDER

Purchasing Officer for the State of Oregon. ADDCO advised Weber that it believed Ver-Mac's product infringed its patent.

ADDCO contends that the central legal question concerns the validity of the '203 patent and whether Ver-Mac's products infringe that patent. It argues that Mr. Weber's testimony will not concern either issue, and that Ver-Mac's tort claims are likely to be dismissed before trial rendering Weber's testimony unnecessary. However, as set out above, ADDCO's motion for summary judgment on the tort claims is denied, and several witnesses on the central issue of bad faith reside in Oregon or Washington.

Ver-Mac contends that ADDCO has substantial business ties to Oregon. It notes that ADDCO's November 2003 pricing proposal to ODOT included the assertion that ADDCO had "nearly one hundred trailers in the Oregon marketplace in use by contractors, traffic control companies, local governments and ODOT." ADDCO has a dealer located in Portland, Oregon, that markets and sells its products, and the Western Regional Manager responsible for marketing and sales in Oregon, Berkman, resides in Seattle, Washington.

Moreover, the devices at issue were sold to ODOT and are presently being used in Oregon. This action seeks a declaration that the State of Oregon's continued use of the devices does not constitute an infringement of ADDCO's patent.

/ / /

/ / /

/ / /

ADDCO has not made a clear and convincing showing that the balance of convenience weighs heavily in favor of a transfer of this action to the District of Minnesota. ADDCO's motion to transfer (#9) is denied.

11- OPINION AND ORDER

DATED this 21st day of February, 2006.

_/s/ Paul Papak_____
Paul Papak
United States Magistrate Judge

12- OPINION AND ORDER