IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SIGNALISATION VER-MAC, INC.,            CV. 05-707 PK

       Plaintiff,            OPINION AND ORDER

    v.

ADDCO MANUFACTURING, INC.,

       Defendant.

PAPAK, Magistrate Judge:

Plaintiff Signalisation Ver-Mac, Inc. ("Ver-Mac") moves for a protective order in connection with defendant ADDCO Manufacturing, Inc.'s ("ADDCO") notice of deposition of Sandra Lee Richardson. Richardson is an officer of Ver-Mac. Ver-Mac seeks an order requiring that the deposition be taken either in Sainte-Foy, Quebec, Canada, where Ver-Mac has its principal place of business, or in the alternative, in Albany, New York. ADDCO seeks to depose Richardson in Portland, Oregon. ADDCO's counsel is in Minneapolis, Minnesota. This case has been filed in the United States District Court for the District of Oregon.

/ / /

1 - OPINION AND ORDER

LEGAL STANDARDS

The applicable rule provides:

> Upon motion by a party or by the person from whom discovery is sought... and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> ...(2) that the ... discovery may be had only on specified terms and conditions, including a designation of the time or place.

*Fed R Civ P 26(c).*

As a general rule, a plaintiff is required to make itself available for examination in the district in which it has brought suit. *Rolex Employees Retirement Trust v. Mentor Graphics Corp.,* 1990 WL 200092 (D Or). "To avoid the application of this rule, a plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum." *Id., citing Matthews v. Watson,* 123 FRD 522, 523 (ED Pa 1989)(citations omitted). The plaintiff bears the burden of proof on the issue of hardship or compelling circumstances. *Id* In *Rolex Employees Retirement Trust* this court found that the deposition of the class action representative would occur in the plaintiff's chosen forum, the District of Oregon, despite the fact that the deponent and his counsel resided in the State of New York. The deponent argued that the cost of airfare to the State of Oregon for the deposition would exceed the amount of money which the deponent had invested in the case, and that he should not be punished for choosing a forum convenient to the defendant. This court found none of the deponent's assertions constituted the degree of hardship warranting departure from the general rule.

Ver-Mac contends that the deposition of a corporation, and a deponent who is an officer of the corporation, should be taken at the corporation's principal place of business, citing *Sears v. American Entertainment Group, Inc.,* 1995 US Dist Lexis 1754, No 94 C 165, at *1 (ND Ill Feb 13, 1995). The *Sears* court noted that the deposition of a corporation by its officers should be taken at its principal place of business "particularly when the corporation is a defendant." *Id,* citations omitted. The *Sears* plaintiff sought to depose four of defendant's corporate officers in Chicago, Illinois. The defendant corporation's principal place of business was Toronto, Canada, three of the four deponents resided in Toronto, and the fourth deponent resided in Atlanta, Georgia.

The *Sears* court found that plaintiffs had not satisfied their burden to establish that principals of justice required deviation from the general rule that depositions should proceed at the corporation's principal place of business. Plaintiffs failed to demonstrate financial hardship would result from proceeding in Toronto, particularly in light of the fact that round trip airfare from Chicago to Toronto was "comparatively inconsequential given the amount in dispute between the parties. *Sears,* at *4. Similarly, plaintiff failed to establish that traveling to Toronto for the depositions would pose a hardship for his employer. Defendants, on the other hand, established via affidavit that having four of its officers deposed in Chicago, a city in which it did not maintain an office, on four different days, would impose a significant cost in terms of lost time, manpower and expenses. *Id,* at *5. Defendants' Motion for a Protective Order was granted.

Ver-Mac also cites *Mothersbaugh v. GTX Inc.,* 1990 US Dist Lexis 4022 (D OR). The *Mothersbaugh* court found the defendant entitled to a protective order providing that he not be

required to travel to the State of Oregon for the taking of his deposition. The case arose out of a motor vehicle accident between the parties that occurred in the State of Oregon. Defendant resided in Idaho, and argued that it would be unduly burdensome for him to travel to Oregon to be deposed as he would lose time at work and incur expenses. Plaintiff did not respond to the Motion. This court relied on the general rule that, when the deponent resides a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides. *Id,* at *2.

Ver-Mac has submitted evidence that establishes that the distance from Minneapolis, Minnesota to Portland, Oregon is greater than the distance from Minneapolis to Sainte-Foy, Quebec, Canada, and greater than the distance from Minneapolis to Albany, New York. Ver-Mac has submitted evidence that, on at least one airline, it is more expensive to travel from Sainte-Foy to Portland than it is to travel from Minneapolis to Sainte-Foy. Ver-Mac has submitted Richardson's affidavit to establish that travel to deposition in Portland, Oregon, would require three days for the travel and deposition.

ADDCO argues that foreign corporations, like Ver-Mac, are more likely to be ordered to appear in the forum for deposition, citing *Custom Form Manufacturing, Inc. v. Omron Corp.,* 196 FRD 333, 336 (ND Ind 2000) ("When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made.") In addition, ADDCO notes that the only case cited by Ver-Mac in which the plaintiff was a foreign corporation resulted in an order compelling the plaintiff's witnesses to travel to Los Angeles from Israel and New Jersey. *Cadent Ltd. v. 3M Unitek Corp.,* 232 FRD 625, 630 (CD Cal 2005).

4  - OPINION AND ORDER

The *Cadent* plaintiff was an Israeli corporation that brought suit in the Central District of California against a corporation with its principal place of business in the district. The *Cadent* court noted that a number of factors may persuade the court to require the deposition be conducted in the forum district or some other place. *Id,* at 628. Those factors include location of counsel, the number of corporate representatives to be deposed, the likelihood of significant discovery disputes arising, whether the persons sought to be deposed often travel for business purposes, and the equities with regard to the claim and the parties' relationships. *Id,* at 629 (citations omitted).

## CONCLUSION

Here, plaintiff has the burden, under *Fed R Civ P* 26(c) to show good cause for the issuance of a protective order requiring the deposition be held not in Portland, Oregon, where it was noticed, but in Sainte-Foy, Quebec, Canada or Albany, New York. Both plaintiff and defendant have local counsel. Ver-Mac has counsel in Washington, D.C. ADDCO has counsel in Minneapolis, Minnesota. ADDCO seeks to depose one corporate representative of Ver-Mac. Given that the parties have already proven willing to contribute substantially to the deforestation of North America by filing 91 and 75 page documents, respectively, on the issue of the location of the deposition, it is safe to infer that substantial discovery disputes may arise during the deposition. Ver-Mac has not made any showing of substantial inconvenience or financial

///

///

///

inability to appear in it's chosen forum, Portland, Oregon.  For all of these reasons, the plaintiff's Motion for a Protective Order compelling Richardson's deposition to occur in Saint-Fay, Quebec or Albany, New York, is denied.

    IT IS SO ORDERED.

    DATED this 4th day of August, 2006.

    _/s/ Paul Papak_____
    Paul Papak
    United States Magistrate Judge

6  - OPINION AND ORDER